UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Joseph Shaw, ) | Civil Action No.: 8:08-221-RBH |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER** |
| Electrolux Home Products, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action is brought pursuant to the Family Medical Leave Act. Before the Court are the parties' cross motions for summary judgment.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In her Report, Magistrate Judge Hendricks recommends that the defendant's motion for summary judgment be granted in part and denied in part as more fully described below and that the plaintiff's motion for summary judgment be denied.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations

1

omitted).

## LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

*ANALYSIS*

In her Report, the Magistrate Judge analyzed the plaintiff's cause of action under the FMLA as alleging interference with the employee's rights under the FMLA ("interference claim") and a claim alleging termination in violation of the FMLA ("termination claim"). She recommended a finding that there are material issues of fact on the interference claim with regard to the defendant's April 24, 2007 refusal to allow him to return to work on April 27, 2007. However, she found there were no material issues of fact as to the plaintiff's alternative claim that the defendant refused his request to return to work on May 27, 2007. She further recommends that the defendant's motion for summary judgment be granted on the termination claim. Both parties have filed objections to the Report. The plaintiff

objects only to the "portion of the . . . Report . . . which recommends that summary judgment be granted on Plaintiff's alternate interference or entitlement claim that places the date of that unlawful act in May 2007." (Docket Entry #71, page 1). He does not object to the recommendation that summary judgment should be granted on his termination claim. Therefore, the Court grants the defendant's motion for summary judgment as to the termination claim. The defendant contends in its objections that its motion for summary judgment should be granted on the interference claim based on a refusal to reinstate date of April 27.

After a thorough review of the record and the arguments by the parties, the Court finds that the plaintiff has raised factual issues regarding both the April, 2007 and May, 2007 interference claims. At this stage, it is not the Court's function to weigh the evidence, but rather to determine whether there is a genuine issue of fact which justifies a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Therefore, the court denies the defendant's motion for summary judgment as to the interference claim. In addition, the plaintiff's motion for summary judgment is denied without objection by the plaintiff.[1]

Accordingly, the court adopts the Report and Recommendation as modified herein. The Court denies the plaintiff's motion for summary judgment. The court denies the defendant's motion for summary judgment as to the interference claim under the FMLA and grants the defendant's motion for summary judgment as to the termination claim under the FMLA.

---

[1] For back pay damages purposes, although the Court is not making a ruling as a matter of law, it tentatively appears that if the jury finds in favor of the plaintiff as to his claim of interference on April 27, then his back pay damages will be limited to no more than the time period of April 27 through May 29, since it appears undisputed that the plaintiff's twelve weeks of FMLA leave expired on May 30, 2007. Additionally, it would appear for damages purposes that if the jury finds for the plaintiff on the alternative basis that he was not allowed to return to work on May 28, then the plaintiff would be limited to back pay damages for no more than two days, May 28 and May 29.

3

The docket does not reflect that the parties have participated in mediation as ordered by the Court. The parties are accordingly directed to mediate the case with thirty (30) days if they have not already done so.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

September 21, 2009
Florence, South Carolina